UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-110(DSD/TNL)

Steven J. Sobieniak, an individual,
Victoria McKinney, an individual,

       Plaintiffs,

v.                                                          **ORDER**

BAC Home Loans Servicing, LP, a
Texas Limited Partnership, as
successor in interest to
Countrywide Home Loans Servicing,
LP, Mortgage Electronic Registration
Systems, Inc., a Delaware corporation,
John and Jane Does 1-10,

       Defendants.

    Amoun Van Sayaovong, Esq., Legal Solutions, LLC, 150 Eaton Street, Suite 105, St. Paul, MN 55107, counsel for plaintiffs.

    Ronn B. Kreps, Esq., Leaf Dilts McGregor, Esq., Andre Hanson, Esq. and Fulbright & Jaworski, 2100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 and Andrew Messite, Esq., Kerren B. Zimmer, Esq. and Reed Smith, LLP, 599 Lexington Avenue, New York, NY 10022, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants BAC Home Loans Servicing LP (BAC)[1] and Mortgage Electronic Registration Systems, Inc. (MERS).[2] Based upon a review

---

[1] In 2008, Bank of America purchased Countrywide Financial. It appears that defendant BAC was formerly known as Countrywide Home Loans Servicing, L.P. and that Bank of America, N.A. is successor by merger to BAC Home Loan Servicing, L.P.

[2] Plaintiffs also name John and Jane Does 1-10 but never served those individuals.

of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

## BACKGROUND

This mortgage-loan dispute arises out of a refinanced mortgage loan from nonparty Countrywide Home Loans, Inc. (Countrywide) to plaintiffs Stephen J. Sobieniak and Victoria McKinney. Second Am. Compl. ¶ 1. On March 6, 2007, plaintiffs contacted Countrywide and requested to "convert a previous adjustable rate mortgage loan to a conventional fixed rate loan." Id. ¶ 12. Countrywide sent plaintiffs Truth in Lending Act (TILA) disclosures showing a principal value of $567,000 and an annual percentage rate (APR) of 6.021%, leading to total payments of $1,207,446.33. Am. Compl. Exs. 1-2, ECF No. 3-1. at 2-6; Second Am. Compl. ¶ 15.

On March 22, 2007, plaintiffs executed a promissory note with a principal value of $562,600 and a fixed APR of 5.875%, leading to a total payment amount of $1,198,077.73. Am. Compl. Ex. 2, ECF No. 3-1. The note was secured by plaintiffs' principal residence, located at 3399 Crystal Bay Road, Wayzata, Minnesota. At closing, plaintiffs each signed two copies of a notice of right to cancel attesting that "each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the federal Truth in Lending Disclosure Statement." Second Am. Compl. Ex. 2, ECF No. 30-1, at 55-57. Plaintiffs each also signed and "acknowledge[d] reading and

2

receiving a complete copy of [the TILA disclosure statement]." McGregor Decl. Ex. B, ECF No. 16.

On January 15, 2010, plaintiffs sent notice of rescission to Countrywide and BAC. Second Am. Compl. ¶ 34; id. Ex. 3. The notice instructed BAC to provide documentation "[i]f you believe that you are not required to rescind." Id. Ex. 3, at 2. BAC denied the request to rescind based on the signed copies of the notices of right to cancel and TILA disclosures. Id. Exs. 5-6. BAC stated, "this matter is now closed." Id. Ex. 6.

On January 14, 2011, plaintiffs filed the present action pro se. Thereafter, plaintiffs obtained counsel and filed an amended complaint and a second amended complaint, seeking rescission, damages and a declaration that the mortgage is void. Defendants move to dismiss for failure to state a claim. Because the parties presented matters outside the pleadings that the court did not exclude, the motion converts to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).[3]

---

[3] The court gave the parties notice of its intent to treat the motion as a motion for summary judgment, and allowed the parties to submit additional evidence. See ECF No. 49. Defendants submitted additional affidavits; plaintiffs did not submit additional material but object to the foundation of certain statements contained in defendants' additional filings. The court need not resolve the dispute, because it did not consider the objected-to material.

3

**DISCUSSION**

**I.  Standard of Review**

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

The court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex v. Catrett, 477 U.S. 317, 324 (1986). Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment, because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II.  TILA**

Congress enacted the TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). The court broadly

4

construes the TILA in favor of consumers. <u>Rand Corp. v. Yer Song Moua</u>, 559 F.3d 842, 847-48 (8th Cir. 2009).

In transactions secured by a principal dwelling, the TILA gives borrowers an unconditional three-day right to rescind. 15 U.S.C. § 1635(a); <u>see also</u> <u>id.</u> § 1641(c) (extending rescission to assignees). The three-day rescission period begins upon the consummation of the transaction or the delivery of the required disclosures, whichever occurs last. <u>Id.</u> § 1635(a). Required disclosures must be made to "each consumer whose ownership interest is or will be subject to the security interest" and must include two copies of a notice of the right to rescind, <u>see</u> 12 C.F.R. § 226.23(a)-(b)(1), and a TILA disclosure statement, outlining:

> the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments [and] the due dates or periods of payments scheduled to repay the indebtedness.

15 U.S.C. § 1602(u). These disclosures must be made "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). If the creditor fails to make the required disclosures or provide cancellation notices, the borrower's "right of rescission shall expire three years after the date of consummation of the transaction." 15 U.S.C. § 1635(f); <u>see</u> 12 C.F.R. § 226.23(a)(3).

5

### A.   Claims for Monetary Damages

The TILA allows actual damages and attorney fees when a creditor violates the statute. See 15 U.S.C. §§ 1635(g), 1640(a). A claim for monetary damages under § 1640 must be brought "within one year from the date of the occurrence of the violation." Id. § 1640(e).

#### 1.   Document Delivery at Closing

Plaintiffs first claim that they are entitled to monetary damages, arguing that defendants failed to provide two copies of the TILA disclosure statement at closing. Closing occurred on March 22, 2007. Plaintiffs filed the present suit on January 14, 2011, well after the one-year statute of limitations lapsed. Therefore, this claim is barred.

#### 2.   Refusal to Rescind

Plaintiffs next claim that they are entitled to damages for BAC's failure to rescind the transaction in January 2010. Failure to rescind may constitute a separate violation under the TILA. See Tacheny v. M&I Marshall & Ilsley Bank, No. 10-2067, 2011 WL 1657877, at *5 (D. Minn. Apr. 29, 2011). Plaintiffs sent their rescission notice on January 15, 2010, and filed this action on January 14, 2011. As a result, this claim is timely.

Defendants argue that plaintiff's signatures attesting receipt of the required number of notices and disclosures create a rebuttable presumption of receipt. See 15 U.S.C. § 1635(c).

Plaintiffs respond that they kept the transaction documents together in a safe place and that they "did not receive a *signed copy* of Truth in Lending Disclosure Statement." Sobieniak Aff. ¶¶ 3-4, Aug. 12, 2011 (emphasis added). Merely contradicting a prior signature does not overcome the statutory presumption. See, e.g., Siffel v. NFM, 386 F. App'x 169, 170-71 (3d Cir. 2010); Sibby v. Ownit Mortg. Solutions, Inc., 240 F. App'x 713, 717 (6th Cir. 2007); McCarthy v. Option One Mortg. Corp., 362 F.3d 1008, 1011 (7th Cir. 2004) (finding mere assertion of non-receipt insufficient to rebut written evidence that disclosures were provided); Williams v. First Gov't Mortg. & Investors Corp., 225 F.3d 738, 751 (D.C. Cir. 2000); Williams v. GM Mortg. Corp., No. 03-74788, 2004 WL 3704081, at *8 (E.D. Mich. Aug. 18, 2004) ("[A] Plaintiff's bare bones, self-serving denial is not sufficient to rebut § 1635(c)'s statutory presumption."); Golden v. Town & Country Credit, No. 02-3627, 2004 WL 229078, at *2 (D. Minn. Feb. 3, 2004) (Frank, J.) (deposition testimony insufficient to overcome presumption). But see Stutzka v. McCarville (Stutzka I), 420 F.3d 757, 761–62 (8th Cir. 2005) (finding erroneous district court's failure to consider several affidavits).[4]

---

[4] Stutzka I is distinguishable from the instant case, because it addressed whether a court should consider an affidavit, not whether the particular affidavit overcame the presumption. Upon remand, the district court determined that the affidavit was insufficient to overcome the presumption, and the Eighth Circuit affirmed. See Stutzka v. McCarville (Stutzka II), 243 F. App'x
(continued...)

7

In the present case, plaintiffs offer no evidence that their signatures on the cancellation notices and TILA disclosure do not mean what they say. For example, there is no evidence that Countrywide procured their signatures by misrepresentation, forged their signatures, coerced them to sign under duress or wrested a second copy of the disclosures from them before they left the closing. Instead, plaintiffs offer only a bald assertion that, years later, they determined that they did not receive two copies of the disclosures, contrary to what they acknowledged at the time they consummated the transaction.[5] This assertion is not sufficient to overcome the presumption, and summary judgment is warranted.[6]

---

[4](...continued)
195, 197 (8th Cir. 2007).

[5] The court notes that plaintiffs admit receiving two copies of the TILA disclosures: one disclosure before closing and one disclosure at closing. The finance charge in the first disclosure, $558,161.10, is greater than the finance charge in the second disclosure, $556,127.70. As a result, the two disclosures are not materially different. See 12 C.F.R. 226.23(g)(1). However, the court does not rely on § 226.23(g)(1) in disposing this motion.

[6] Section 1641(a) allows a civil action against an assignee "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement ...." 15 U.S.C. § 1641(a). In the present case, the loan documents contain plaintiffs' signed acknowledgment that they each received the TILA disclosure statement and two copies of the notice of the right to cancel. No violation appears on the face of the documents. The Eighth Circuit has not addressed whether a merger constitutes an assignment for purposes of § 1641, but plaintiffs allege that BAC is an assignee. See Second Am. Compl. ¶ 30. Therefore, under plaintiffs' pleaded facts, summary judgment is
(continued...)

**B.   Rescission**

Even if not entitled to monetary damages, plaintiffs argue that the court should rescind the loan. See Peterson-Price v. U.S. Bank Nat'l Ass'n, No. 09-495, 2010 WL 1782188, at *3 (D. Minn. May 4, 2010) (explaining that claims for monetary damages and rescission are separate causes of action). Plaintiffs argue that their claim for rescission was timely, because it was received by BAC within three years of the March 22, 2007, closing. The court disagrees.

The TILA imposes a three-year statute of repose on claims for rescission. See 15 U.S.C. § 1635(f); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417–19 (1998). Unlike a statute of limitation, which regulates remedies, a statute of repose regulates rights and "operates as a statutory bar independent of the actions (or inaction) of the litigants." Nesladek v. Ford Motor Co., 46 F.3d 734, 737 (8th Cir. 1995); see Beach, 523 U.S. at 417 (["Section 1635] talks not of a suit's commencement but of a right's duration as well."). As a result, the ability to rescind a transaction under the TILA expires three years after consummation of the transaction.

Neither Beach nor the TILA specifically address whether a claim for rescission survives the three-year period if an obligor

---

⁶(...continued)
also warranted under § 1641(a).

sends a rescission request to a bank within three years, but fails to file suit until the time allowed by the statute of repose expires. The majority of courts to address this question hold that such a suit is barred by § 1635(f). See, e.g., Williams v. Wells Fargo Home Mortg., Inc., 410 F. App'x 495, 499 (3d Cir. 2011); Sall v. Bounassissi, No. 10-2245, 2011 WL 2791254, at *6 (D. Md. July 13, 2011); Barry v. Countrywide Home Loans, F.S.B., No. 10-1525, 2011 WL 441508, at *2-3 (D. Colo. Feb 8, 2011); Rosenfeld v. HSBC Bank, USA, No. 10-CV-00058, 2010 WL 3489926, at *5 (D. Colo. Aug. 31, 2010); DeCosta v. U.S. Bankcorp, No. 10-301, 2010 WL 3824224, at *5 (D. Md. Sept. 27, 2010); Gilbert v. Deutsche Bank Trust Co. Ams., No. 09-CV-181-D, 2010 WL 2696763, at *5 (E.D.N.C. July 7, 2010); Sam v. Am. Home Mortg. Servicing, No. 09-CV-2177, 2010 WL 761228, at *2 (E.D. Cal. Mar. 3, 2010). Other courts disagree. See, e.g., Stewart v. BAC Home Loans Servicing, LP, No. 10 C 2033, 2011 WL 862938, at *5-6 (N.D. Ill. Mar. 10, 2011); Brisos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1026 (N.D. Cal. 2010) (adopting "the minority approach within [the Ninth] Circuit" and allowing a suit for rescission after three years).

Recently, this court agreed with the reasoning of Geraghty v. BAC Home Loans Servicing LP, No. 11-336, 2011 WL 3920248 (D. Minn. Sept. 7, 2011) (Ericksen, J.), in holding that a suit for rescission filed more than three years after consummation of an eligible transaction is barred by the TILA's statute of repose.

See Keiran v. Home Capital, Inc., No. 10-4418, 2011 WL 6003961, at *3-5 (D. Minn. Nov. 30, 2011). The language of the TILA, the holding in Beach and the strong public policy favoring certainty of title all support "the majority view that Congress intended that any lawsuit to enforce the right of rescission be brought within the three-year repose period." Geraghty, 2011 WL 3920248 at *5.

As the court noted in Keiran, the history of the statute further supports the majority position. As originally enacted, the rescission period continued until a lender provided the required TILA disclosure statements. In 1974, however, Congress amended the TILA, changing the potentially indefinite rescission period to three years.[7] See Act of Oct. 28, 1974, Pub. L. No. 93-495, § 405, 88 Stat. 1500, 1517. Under plaintiffs' interpretation, a borrower who sends a letter claiming some disclosure defect, but who does not file suit, has indefinitely tolled the rescission period. Such an interpretation is improper, because it contradicts Congress's intent to create repose from the threat of rescission after three years.

In the present case, plaintiffs did not file suit until nearly four years after consummation of the transaction. Therefore, the claim is barred, and summary judgment is warranted.

---

[7] Congress still expresses concerns about "the devastating liability" that results from the "most draconian" remedy of rescission, which can be triggered by "small violations of the disclosure requirements." 141 Cong. Rec. S14566, S14567 (daily ed. Sept. 28, 1995) (statement of Sen. D'Amato).

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motion to dismiss [ECF No. 33] is treated as a motion for summary judgment and is granted;

2.   This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   December 8, 2011

            s/David S. Doty
            David S. Doty, Judge
            United States District Court